

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

January 30, 1939

Honorable Harold McCracken
Civil District Attorney
Dallas, Texas

Dear Mr. McCracken:

Opinion No. 217
Re: Taxability of shares in
foreign corporation whose
assets are all in Texas.

We are in receipt of your letter of January 25, 1939, asking our opinion as to whether shares of stock in a private corporation organized for profit are subject to assessment for ad valorem taxes under the following facts, viz:  the company was incorporated under the laws of Tennessee and has a permit to do business in this State.  The owner of the stock resides in Dallas County, Texas, where the corporation has its principal office and place of business and keeps its books.  All of the company's assets of every kind and character are located within the limits of the State of Texas and are annually rendered for taxation.

Article 7170, Revised Civil Statutes, reads in part as follows:

"All property of private corporations, except in cases where some other provision is made by law, shall be assessed in the name of the corporation; . . ."

Article 7162, Revised Civil Statutes, provides in part:

"Such statement shall truly and distinctly set forth:

"33.  Amount and value of shares of capital stock companies and associations not incorporated by the laws of this State.

"43.  Value of all other property not enumerated above."

Article 7163, Revised Civil Statutes, reads:

"No person shall be required to list or render
a greater portion of his credits than he believes will
be received or can be collected, or to include in his
statement as a part of his personal property which is
required to be listed any share or portion of the
capital stock or property of any company or corporation
which is required to list or return its capital and
property for taxation."

Having regard for the corporate fiction, a tax on shares
of stock in the hands of the holder in addition to a tax on the
property of the corporation in the hands of the corporation would
not be double taxation. However, the legislative bodies of many
States have recognized that to all practical purposes it would be
doubly taxing the property of the shareholder and have enacted
legislation exempting the shares of stock when the property of
the corporation is taxed to the corporation. The courts unhesitat-
ingly uphold the exemption when legislative bodies have properly
evidenced their intent that such exemption shall be made. Hubbard
v. Brush, 55 N. E. 829, Ohio; Commonwealth v. Fidelity Trust Co.,
143 S. W. 1037, Ky.; State v. Lench, 144 N. W. 290, Wis.

At least one court, in a State where the courts had held
that double taxation was forbidden by the constitutional provision
requiring uniform taxation, cut through the corporate fiction and
held that an attempt to tax shares in a foreign corporation would
be unconstitutional, where such corporation's property was located
and taxable within the State. Stroh v. City of Detroit, 90 N. W.
1029, Supreme Court of Michigan.

Other courts, remarking upon the harshness of taxing
both the shares of stock and the corporate property, have said that
before the courts should permit the same the legislative intent
to do so should be most plainly manifest. Bd. of Com'rs of Okla.
County v. Ryan, 232 Pac. 834, Oklahoma.

In Gillespie v. Gaston, 67 Tex. 599, 4 S. W. 248, it was
held that the owner of stock in a state bank was not taxable there-
with, while the property of the bank was taxable (as the law then
was), although the bank did not return its property for taxation
as it should have done.

As noted above, Article 716 2., Sec. 38, requires the
listing of all shares in corporations organized under the laws of
other states.

Section 43, of Article 7162, requires the listing of the value of "all other property not enumerated above." If this broad language be held to include shares in a domestic concern, then the holders of stocks in foreign and domestic corporations would be on equal terms in the statutes. Articles 7162 and 7163 would be impartially applicable and Gillespie v. Gaston, supra, would control in either event.

The remainder of this opinion, however, will be based upon the assumption that since Section 30 specifically called for the listing of shares in foreign corporations, the general language of Section 43 would not include stocks in domestic corporations.

Since Article 7162 thus exempts shares in Texas corporations, the same would have no need for Article 7163 to grant them further exemption.

Addressing ourselves further to Article 7163: "No person shall be required . . . to include in his statement as a part of his personal property which is required to be listed (this cannot refer to shares in a domestic corporation) any share or portion of the capital stock . . . of any corporation which is required to list or return its capital and property for taxation."

This article was evidently intended to grant to the owner of stock in a corporation organized under the laws of some other state the same exemption as Article 7162 had given to the holder of stock in a Texas corporation, when all the property of such foreign corporation is located and rendered for taxation in the State of Texas. Indeed we can see no reason why the Legislature should have wished to create any discrimination between the two under such conditions.

The stock you describe falls squarely within the exemption provided in Article 7163 and is not subject to the ad valorem tax.

Yours very truly.

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Assistant

CRL:N

APPROVED

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS